UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTHONY N. PIPPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:24-CV-340-TRM-DCP |
| | ) | |
| KENNETH SILAS, and SGT. B. HARER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

The Court is in receipt of a pro se Complaint [Doc. 1] and his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 4].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff completed a form 42 U.S.C. § 1983 complaint [Doc. 1]. In the caption, he names Kenneth Silas as a Defendant ("Defendant Silas"), who is an officer with the Sullivan County Sheriff's Office [*Id*. at 3]. According to the allegations in the Complaint, Plaintiff was pulled over due to a mistaken identity [*Id*.] Defendant Silas beat him up so much so that Plaintiff had to be taken to the hospital [*Id*. at 3–4]. He seeks compensation for the pain and suffering, including for post-traumatic stress, and he asks that Defendant Silas pay his medical bills and court costs [*Id*. at 5]. Plaintiff also names Sgt. B. Harer as an additional defendant ("Defendant Harer") [*Id*. at 3].

"To state a cognizable § 1983 claim, the plaintiff must allege some facts evincing personal involvement by each of the named defendants." *Irvin v. Clarksville Gas & Water Dep't*, No. 3:11-CV-00529, 2011 WL 3565248, at *7 (M.D. Tenn. Aug. 12, 2011), *report and recommendation adopted sub nom. Irvin v. Clarksville Gas & Water*, No. 3-11-0529, 2011 WL 3897801 (M.D. Tenn. Sept. 6, 2011). Plaintiff has not alleged any facts against Defendant Harer, nor does he seek any relief against him [Doc. 1 pp. 3–5]. Instead of recommending dismissal of this Defendant, the

2

Case 3:24-cv-00340-TRM-DCP   Document 7   Filed 08/30/24   Page 2 of 3   PageID #: 24

Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

 a) the names and titles of all [defendants if known];

 b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

 c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

 d) . . . the location where each relevant event occurred;

 e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

 f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **September 30, 2024.**

 **IT IS SO ORDERED.**

 ENTER:

 _____
 Debra C. Poplin
 United States Magistrate Judge

3